Morgan, J.
Chapman Epps was indicted, with Matilda and Martha Brown, for murder. On the trial they severed. Epps was tried, and a verdict of manslaughter was rendered against him. He applied for a new trial, which was granted, and a change of venue was ordered. The proceedings were transferred to the parish of Ascension. In Ascension he pleaded autrefois acquit. .The plea was sustained.
The State appeals.
In this court the defendant urges that we are without jurisdiction to investigate the case. He says that under the seventy-fourth article of the constitution, no appeal will lie in criminal cases unless the punishment of death or imprisonment at hard labor, or a fine exceeding three *237 hundred dollars is actually imposed. This is the language of the constitution.
In the case of the State v. Redding, 21 An. 188, it was held that this court has jurisdiction of criminal cases on questions of law only, whenever the punishment of death, or imprisonment at hard labor, or a fine exceeding three hundred dollars, is actually imposed.
In the case of the State v. Gay, 22 An. 460, the accused appealed from an order granting to the State a rehearing of a motion to discharge. He was never sentenced. We said : “ No appeal lies to this court, in a criminal case, unless a sentence of a certain magnitude has been imposed.” The appeal was dismissed.
In the case of the State v. Welsh and Fagan, 23 An. 142, the defendants were indicted for murder and found guilty of manslaughter. A motion for a new trial was made on their behalf, which was granted. Erom the order granting the new trial and continuing the case the State appealed. The appeal was dismissed upon the ground, no appeal lies to this court in criminal cases except when a sentence of a certain severity has been actually imposed.
In the case now before us no sentence was pronounced, and no fine was imposed. Under the authorities quoted the plea to our jurisdiction must prevail.
Appeal dismissed.